### UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE

| | | |
|---|---|---|
| **NICOLE G. B.,** | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *No. 2:19-cv-00496-LEW* |
| | ) | |
| **ANDREW M. SAUL,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| *Defendant* | ) | |

### REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability (SSD) and Supplemental Security Income (SSI) appeal raises the question of whether the administrative law judge (ALJ) supportably found the plaintiff capable of performing past relevant work as a telephone solicitor, pharmacy technician, and case aide.  The plaintiff seeks remand on the bases, *inter alia*, that the ALJ erred in ignoring the opinion of medical expert Peter B. Webber, M.D.,[2] who testified at hearing that he agreed with restrictions assessed by treating source Lise Cloutier, M.D.  *See* Itemized Statement of Specific Errors ("Statement of Errors") (ECF No. 13) at 7-8.  I agree and, accordingly, recommend that the court vacate the commissioner's decision and remand this case for further proceedings consistent herewith.

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3).  The commissioner has admitted that the plaintiff has exhausted her administrative remedies.  The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement.  Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

[2] At oral argument, the parties discussed the proper spelling of Dr. Webber's last name.  I have consulted his *curriculum vitae*.  *See* Record at 1063.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through September 30, 2021, Finding 1, Record at 20; that she had the severe impairment of myofascial pain syndrome, Finding 3, *id.*; that she had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that she could occasionally climb, balance, stoop, kneel, crouch, and crawl, Finding 5, *id.* at 22; that she was capable of performing past relevant work as a telephone solicitor, pharmacy technician, and case aide, which did not require the performance of work-related activities precluded by her RFC, Finding 6, *id.* at 24; and that she, therefore, had not been disabled from July 1, 2012, her alleged onset date of disability, through the date of the decision, January 2, 2019, Finding 7, *id.* at 24-25. The Appeals Council declined to review the decision, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work.  20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  At this step, the commissioner must

make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work.  20 C.F.R. §§ 404.1520(f), 416.920(f); Social Security Ruling 82-62 ("SSR 82-62"), reprinted in *West's Social Security Reporting Service* Rulings 1975-1982, at 813.

## I. Discussion

The ALJ issued the decision at issue following a remand by the Appeals Council vacating the May 31, 2017, decision of a prior ALJ that the plaintiff was capable of performing past relevant work as a front desk receptionist and an order taker.  *See* Record at 187-89.  The prior ALJ held a hearing on May 16, 2017, at the start of which she accepted into evidence an opinion of Dr. Cloutier dated May 15, 2017, which Dr. Webber was afforded the opportunity to review.  *See id*. at 39, 1207-11.  Dr. Cloutier opined, *inter alia*, that the plaintiff could sit for about two hours in an eight-hour workday, stand or walk for about two hours in an eight-hour workday, rarely lift less than 10 pounds, rarely twist, never stoop or crouch, rarely climb ladders, occasionally climb stairs, never look down, and occasionally turn her head to the right or left, look up, or hold her head in a static position.  *See id*. at 1209-10.

Dr. Webber testified, based on his review of the record, that "everybody seem[ed] to pretty much agree" that the plaintiff had "a rather persistent myofascial pain syndrome which allegedly goes back to her motor vehicle accident, particularly affecting the left parascapular area and trapezius areas[,]" for which she had had "multiple injection therapies" that "[a]t times . . . seem[ed] to help for a period of time" and at "other times" did not "seem to be too helpful[,]" as well as "medial branch nerve blocks" that did not seem to provide "longstanding relief[,]" and physical therapy.  *Id*. at 60.

3

The prior ALJ questioned whether Dr. Webber agreed with Dr. Cloutier's limitation to lifting less than 10 pounds, and he testified that he had no "major concern with it[.]"  *Id.* at 61. The prior ALJ later returned to the subject of the Cloutier opinion, and the following exchange ensued:

> [Prior ALJ]    And these limitations would be, if one believed the other, that the limitations would be valid in lifting less than –
>
> [Dr. Webber]  I think they're reasonable.   I think they're reasonable by her descriptions of how it interferes with her work and when she's asked to do certain things she just can't do.

*Id*. at 66.

The prior ALJ found the plaintiff capable of lifting less than 10 pounds, sitting for up to two hours in an eight-hour workday, standing and/or walking for up to six hours in an eight-hour workday, occasionally flexing her neck, and never crouching, crawling, kneeling, or stooping.  *See* Finding 5, *id*. at 176.  She determined that this RFC permitted the plaintiff to perform past relevant work as either a front desk receptionist or an order taker, as a result of which the plaintiff was not disabled.  *See* Findings 6-7, *id*. at 178.  She did not discuss Dr. Webber's testimony concerning the Cloutier opinion.  *See id*. at 172-78.

The Appeals Council vacated the prior ALJ's decision on the bases that (i) she had not explained how she derived the limitations reflected in the plaintiff's RFC, and (ii) her determination that the jobs of front desk receptionist and order taker constituted past relevant work was unsupported by substantial evidence.  *See id*. at 187-88.  It directed an ALJ, on remand, to (i) obtain additional evidence concerning the plaintiff's myofascial pain syndrome, (ii) give further consideration to the plaintiff's RFC and provide an appropriate rationale, with specific references to the record, for that finding, (iii) give further consideration to whether the plaintiff had past

relevant work and, if so, could perform it, and, (iv) if warranted by the expanded record, obtain supplemental testimony from a vocational expert. *See id*. at 188.

On remand from the Appeals Council, a new ALJ convened a hearing on December 17, 2018, during which both the plaintiff and a vocational expert testified. *See id*. at 79. In his decision, he explained, in relevant part, that he gave "great weight" to the opinions of agency nonexamining consultants Stephanie Green, M.D., and J. H. Hall, M.D., that the plaintiff could "perform a wide range of light work[,]" which he deemed supported by the evidence, "including that received after their review." *Id*. at 24; *see also id*. at 120-22 (October 29, 2015, opinion of Dr. Green), 148-49 (April 4, 2016, opinion of Dr. Hall). He acknowledged that the evidence received after the Green and Hall review included Dr. Cloutier's opinion "that the [plaintiff] cannot perform even a reduced range of sedentary work on a full-time basis[,]" which he accorded "little weight" because "the evidence, for the reasons discussed above, does not support that degree of dysfunction." *Id*. at 24.[3] However, like the previous ALJ, he ignored Dr. Webber's opinion endorsing that of Dr. Cloutier. *See id*. at 18-25.

This was error. Pursuant to then-applicable regulations, the commissioner "will always consider the medical opinions in your case record" and "evaluate every medical opinion" received pursuant to enumerated factors. 20 C.F.R. §§ 404.1527(b)-(c), 416.927(b)-(c). In turn, "medical opinions" are defined as "statements from acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [his or her] symptoms, diagnosis and prognosis, what [he or she] can still do despite impairment(s), and [his or her] physical or mental restrictions." *Id*. §§ 404.1527(a)(1), 416.927(a)(1). There is no dispute that Dr. Webber is an "acceptable medical source." The commissioner questions whether the testimony at issue

---

[3] In addition to Dr. Cloutier's May 15, 2017, opinion, the ALJ took into account a version of that opinion amended on December 7, 2018, *see* Record at 24, 1362-66, which has no relevance here.

constitutes a "medical opinion," Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 17) at 9; however, I conclude that it does, reflecting the nature and severity of the plaintiff's myofascial pain syndrome and what she could still do despite it.

The commissioner, nonetheless, contends that any error is harmless because (i) Dr. Webber endorsed only Dr. Cloutier's 10-pound lifting limitation, which the ALJ reasonably discounted, and, (ii) to the extent that the plaintiff relies on Dr. Webber's endorsement of Dr. Cloutier's assessment of a limitation against stooping, the job of telephone solicitor requires no stooping. *See id.* at 9-10 & n.3.[4]  He adds that, although the plaintiff contends that "Dr. Web[b]er's testimony 'confirm[s]' Dr. Cloutier's 2017 assessment for less than sedentary work[,] . . . a treating source's opinion is not entitled to controlling or great weight simply because it is consistent with other medical opinions." *Id.* at 6 (citing, *inter alia*, *Applebee v. Berryhill*, No. 1:17-cv-00003-NT, 2017 WL 6523138, at *9 (D. Me. Dec. 20, 2017) (rec. dec., *aff'd* Mar. 29, 2018), *aff'd*, 744 F. App'x 6 (1st Cir. 2018)).

As a threshold matter, as the plaintiff contends, *see* Statement of Errors at 4-5, Dr. Webber did not merely endorse Dr. Cloutier's limitations against stooping or lifting more than 10 pounds. Rather, his testimony is more fairly read to endorse the Cloutier opinion generally. *See* Record at 66.  In any event, as the plaintiff's counsel observed at oral argument, the commissioner's argument amounts to a *post hoc* rationalization.  "Pursuant to the rule of *SEC v. Chenery Corp.*, 332 U.S. 194 (1947), a reviewing court cannot affirm an agency's decision on the basis of a *post hoc* rationalization but must affirm, if at all, on the basis of a rationale actually articulated by the agency decision-maker."  *Day v. Astrue*, No. 1:12-cv-141-DBH, 2012 WL 6913439, at *10

---

[4] All three jobs on which the ALJ relied require a greater lifting capacity than found by Dr. Webber.  *See Dictionary of Occupational Titles* §§ 299.357-014 (Dep't of Labor 4th Ed. 1991) (job of telephone solicitor, requiring occasional lifting of up to 10 pounds), 074.382-010 (job of pharmacy technician, requiring occasional lifting of up to 20 pounds), 195.367-010 (job of case aide, requiring occasional lifting of up to 20 pounds).

(D. Me. Dec. 30, 2012) (rec. dec., *aff'd* Jan. 18, 2013) (citation and internal quotation marks omitted).

Indeed, at oral argument, counsel for the commissioner seemingly recognized as much, contending that remand would be an empty exercise. *See id*. (noting that an "exception to the *Chenery* rule exists when a remand will amount to no more than an empty exercise because, for example, application of the correct legal standard could lead to only one conclusion") (citation and internal quotation marks omitted).  She asserted that this was so because, as argued in the commissioner's brief, the ALJ had reasonably discounted the "identical" lifting opinion, and the mere fact that the Webber opinion was consistent with that of Dr. Cloutier did not entitle the Cloutier opinion to controlling or great weight.

Yet, the Webber opinion is not identical to that of Dr. Cloutier.  Dr. Webber, an independent medical expert, provided his opinion based on a review of the full record available at that time.  And, while it is true that consistency between opinions does not *oblige* an ALJ to adopt an opinion, *see, e.g.*, *Applebee*, 2017 WL 6523138, at *9, it is a factor relevant to the resolution of evidentiary conflicts, the core job of an ALJ, *see, e.g., Rodriguez*, 647 F.2d at 222 ("The Secretary may (and, under his regulations, must) take medical evidence.  But the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for him, not for the doctors or for the courts.").  I am unwilling to assume, in these circumstances, that "application of the correct legal standard could lead to only one conclusion[.]"  *Day,* No. 1:12-cv-141-DBH, 2012 WL 6913439, at *10 (citation and internal quotation marks omitted) (alteration in original).

Remand, accordingly, is required on this basis.

## II.  Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case **REMANDED** for proceedings consistent herewith.

7

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 12th day of October, 2020.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge